In the Matter of GENEVIEVE E. FINN, an Attorney, Respondent. JOINT BAR ASSOCIATION GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 13, 1976

*Nicholas C. Cooper (John H. Schunke, Jr.,* of counsel), for petitioner.

*Per Curiam.* The respondent was admitted to practice by this court on January 29, 1936. In this proceeding to discipline her for professional misconduct, the petitioner moves to confirm the report of the Justice of the Supreme Court to whom the issues were referred for hearing and report.

The reporting Justice has found the respondent guilty of the charges contained in the petition, which, *inter alia,* are as follows: (1) knowingly and willfully deceiving the beneficiaries of a trust; (2) failing, neglecting and refusing to account for trust funds or to distribute those funds to the beneficiaries of two trusts; (3) failing to answer an order to show cause why a decree should not be entered compelling her to settle her account as executrix and trustee and failing, neglecting and refusing to render an accounting to the Surrogate or to turn over estate-trust assets to the substituted fiduciary; (4) failing

504

to answer an order to show cause why she should not be punished for contempt of court, which order resulted in a finding of contempt of court for the willful disobeying of a prior decree; (5) prejudicing the rights and remedies of the two beneficiaries of the trusts in the amount of $63,000; (6) failing to prepare and file a client's income tax returns, resulting in prejudice to the client in the amount of $1,600; (7) failing to file the income tax returns of two other clients and failing to communicate with these clients; (8) failing to communicate with a client concerning the purchase of certain real property, which resulted in the forfeiture by the client of a $1,000 deposit; (9) failing to transfer shares of stock for almost four years in connection with an estate for which she was the attorney for the executrix; (10) failing to file a will for probate for almost three years after she was retained for that purpose, and then failing to "wind up" the estate; and (11) failing to cooperate with the Brooklyn Bar Association and the petitioner herein in their investigation of several complaints.

After reviewing all of the evidence and the report of Mr. Justice Schwartzwald, we are in full accord with the findings contained in the report. Accordingly, the petitioner's motion to confirm the report is granted.

The respondent is adjudged guilty of serious professional misconduct and should be, and she hereby is, disbarred from further practice of law and her name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.

Gulotta, P. J., Hopkins, Martuscello, Latham and Hawkins, JJ., concur.